145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel MATEI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70969.
INS No. Ahv-brp-dgm.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided May 6, 1998.
 
 Petition for Review of the Decision of the Board of Immigration Appeals.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Matei petitions for review of the Board of Immigration Appeals's decision affirming the immigration judge's denial of his request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 To obtain reversal of the Board's decision, a petitioner must show that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite [past persecution or] fear of persecution" on account of race, religion, nationality, membership in a particular social group, or political opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483-84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence supports the Board's decision.
 
 
 4
 We have held that "[p]ersecution is an extreme concept." Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). The various acts alleged by Matei are insufficiently "extreme" to rise to the level of "persecution" within the meaning of the immigration statutes. Nor has Matei demonstrated any well-founded fear of future persecution.
 
 
 5
 Even were we to assume persecution, the evidence in the record does not compel the conclusion that Matei was persecuted "on account of" his ethnicity, his religion, or his political beliefs. As for ethnicity, the only "abuse" Matei alleges he suffered on account of being Hungarian was relatively benign childhood teasing. As for religion, Matei has not alleged a single instance of persecution on account of his Calvinist faith. (In addition, Matei concedes that he has distanced himself from the Church.) And as for political opinion, the only way that a particular political belief could have been imputed to Matei was by his failure to join the Communist Party, which, we know, is an insufficient basis for proving the "on account of" element of an asylum or withholding of deportation claim. See Elias-Zacarias, 502 U.S. at 483.
 
 DENIED.[1]
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner's motion to terminate the appeal is DENIED. Nothing in this disposition shall be construed as limiting or prejudicing any rights that Matei may possess under the Nicaraguan Adjustment and Central American Relief Act, Pub.L. No. 105-100, 111 Stat. 2160